UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 00-cr-40021-JPG |
| | ) |
| ERNEST ANTHONY HALE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defense counsel's Motion to Withdraw and "No Merits" Statement (Doc. 354). The Court previously appointed defense counsel to this case to determine whether Defendant Ernest Anthony Hale was eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10. Defense counsel now moves to withdraw on the basis that she can make no non-frivolous arguments in support of a reduction. *Anders v. California*, 386 U.S. 738, 744 (1967). Despite the allowance of a response period by this Court, Doc. 355, Hale did not respond to defense counsel's motion. Meanwhile, the Government filed a Response (Doc. 356) that agrees with the basic assertions and relief sought by defense counsel.

On August 7, 2000, Hale pled guilty to one count of conspiracy to possess with intent to distribute cocaine and crack cocaine. At sentencing, the Court found that Hale was a career offender under U.S.S.G. § 4B1.1 based on prior drug or violent felony convictions, which produced an offense level of 37. By entering into a plea agreement with the Government, Hale reduced this offense level by three points under U.S.S.G. § 3E1.1 for acceptance of responsibility, leaving him with a total offense level of 34. Considering Hale's criminal history category of VI, established by his career offender status under U.S.S.G. § 4B1.1 for prior drug or

violent felony convictions, a sentencing range of 262 to 327 months imprisonment was yielded. The Court ultimately imposed a sentence of 240 months pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Hale now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Hale cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended

U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  Hale, however, was sentenced based on his base offense level set forth in U.S.S.G. § 4B1.1, not his base offense level set forth in U.S.S.G. § 2D1.1.  *See Forman*, 553 F.3d at 589-90.  Thus, his guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Hale cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion to Withdraw and "No Merits" Statement (Doc. 354).  Further, the Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Ernest Anthony Hale, Reg. No. 05005-025, FCI Pekin, Federal Correctional Institution, P.O. Box 5000, Pekin, Illinois 61555.

**IT IS SO ORDERED.**
**DATED: November 30, 2010**

                                                     s/ J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **DISTRICT JUDGE**